# In the United States Court of Federal Claims

No. 17-817C
(Filed: March 14, 2019)

* * * * * * * * * * * * * * * * * * * *

CRAIG PATTY and CRAIG THOMAS
EXPEDITORS, LLC,

      *Plaintiffs*,

v.

THE UNITED STATES,

      *Defendant*.

* * * * * * * * * * * * * * * * * * * *

## ORDER

On December 20, 2018, plaintiffs filed a motion to compel defendant to provide complete answers to discovery requests pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"). The government responded on February 15, 2019, after the delay due to a lapse of appropriations to the Department of Justice was resolved. We held argument on the motion, along with the post-discovery conference, on March 14, 2019. Because the government's responses were sufficient, we deny plaintiffs' motion.

Plaintiffs' discovery requests sought responses to what legal and factual issues the government believes are disputed. Plaintiffs' Requests for Admission 1 and 2 state:

    Request for Admission No. 1. Subject to the arguments made in Defendant's Motion to Dismiss, admit or deny that the Government's actions, as alleged in Plaintiffs' Complaint (filed June 16, 2017), constitute a taking pursuant to the Fifth Amendment of the United States Constitution.

    Request for Admission No. 2. Admit or deny that the

> only issue to be determined as a matter of fact at the trial of this case is the amount of just compensation due Plaintiffs for the taking of the property.

Pls.' Mot. to Compel Ex. 6, 10.

The government denied both. Defendant explained in its answers to Interrogatories 1, 3, and 5 that it disputes other elements of the takings claim. In Interrogatory 1, plaintiffs ask the government to "state every basis on which you contend that the Government's actions, as alleged in Plaintiffs' Complaint (filed June 16, 2017), did not constitute a taking pursuant to the Fifth Amendment of the United States Constitution." *Id.* at 6. The government's response reflects which elements of the takings claim it disputes:

> [P]laintiffs did not plead facts establishing that each element of a taking pursuant to the Fifth Amendment occurred. Defendant maintains, for the reasons stated in its motion to dismiss plaintiffs' complaint, that the Government's actions do not, as a matter of law, constitute a taking. Defendant also disputes that the damage to the truck was a foreseeable result of the Government's actions. Additionally, even if the Court finds there to be a taking, defendant maintains that the nature and duration of the taking remain at issue, in addition to the amount of just compensation. Moreover, plaintiffs did not plead facts establishing a binding contract with the Government, nor did one exist. No Government agents, with authority to bind the Government to a contract, were fully aware of the facts relevant to establish liability in this case.

*Id.* at 6-7.

Plaintiffs believe that the government's responses to Interrogatories 1, 3, and 5 are incomplete because they do not state directly the issues that the government disputes. Plaintiffs suggested that a conference with the court may be another way to resolve this issue. The government contends that modification or supplementation of its interrogatory responses is unnecessary because it answered fully.

Rule 33(a)(2) provides that "[a]n interrogatory may relate to any matter that may be inquired into under RCFC 26(b)[,]" namely, "any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 33(b)(3) obligates the responding party to "fully" answer each interrogatory. If the responding party fails to answer, "a party seeking discovery may move for an order compelling an answer . . . ." RCFC 37(a)(3)(B)(iii). If the answers sought are unreasonably cumulative, duplicative, or can be obtained from a more convenient or less burdensome source, the court must limit discovery. *See* RCFC 26(b)(2)(C).

Although defendant may not have phrased its answers to the interrogatories as clearly as plaintiffs hoped, the government did answer fully. The government explained its position: elements of plaintiffs' takings claim are in dispute other than police power and the amount of just compensation.

At this stage, discovery has concluded and, along with discussion of the motion to compel, we held the post-discovery conference on March 14. *See* RCFC App. A ¶ 11. During the conference, defendant further clarified its position on the factual and legal issues in dispute, the parties discussed "the evidence and decisional law that each side offers in support of its position," and they represented that trial is the best way to resolve this matter. *Id.* In sum, because defendant answered the interrogatories fully and the issues that plaintiffs raised were addressed at the post-discovery conference, we deny plaintiffs' motion.

Pursuant to the parties' representations during the March 14 conference, we adopt the following pretrial schedule:

1. The parties shall hold the meeting of counsel and make initial exchanges during the week of April 15, 2019.

2. Plaintiffs shall file their pretrial memorandum, witness list, and exhibit list on or before April 24, 2019.

3. The government shall file its responsive pretrial memorandum, witness list, and exhibit list on or before May 17, 2019.

4. Plaintiffs may file a reply, if any, on or before May 22, 2019.

5. The government may file a reply, if any, on or before May 31, 2019.

6. The court will hold the pre-trial conference by telephone on June 12, 2019, at 10:00 a.m. (Eastern).

7. Trial shall be held during the week of June 24, 2019, in Houston, Texas, with the location of the courthouse to be circulated at a later date.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
